UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CAROL J. BREEN,

                Plaintiff,

v.                                                          6:09-cv-1144
                                                          (GTS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

OFFICE OF ALEX C. DELL                       GEORGE P. FERRO, ESQ.
  Counsel for Plaintiff
450 New Karner Road
Albany, NY 12205

SOCIAL SECURITY ADMINISTRATION          THOMAS C. GRAY, ESQ.
  OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Carol J. Breen ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking Social Security Disability and Supplemental Security Income benefits, is Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or in the alternative, motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 9.) For the reasons set forth below, Defendant's motion to dismiss for failure to prosecute is granted.

I.    RELEVANT BACKGROUND

On December 4, 2006, Plaintiff applied for Social Security Disability and Supplemental Security Income. Initially, the applications were denied by the Social Security Administration. On November 13, 2008, a hearing was held before an Administrative Law Judge ("ALJ"), who, on January 28, 2009, issued a decision finding Plaintiff not disabled.

Subsequently, Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council. On August 7, 2009, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of Defendant. On October 13, 2009, Plaintiff commenced this action. The next day, the Court issued Plaintiff a copy of this Court's General Order 18, governing the procedural rules with respect to social security appeals.

In accordance with General Order 18, Defendant timely filed an Answer and certified copy of the transcript of administrative proceedings. Plaintiff thereafter failed to timely file her brief, despite receiving an extension of the filing deadline and notice that failure to file by the extended date could result in her case being dismissed. Therefore, the Court directed Defendant to file his brief, after which it would decide Plaintiff's appeal in accordance with General Order 18. Pursuant to General Order 18, plaintiffs are notified that "the failure to file a brief as required by this order will result in the consideration of this appeal without the benefit of plaintiff's arguments and may result in a decision heavily influenced by the commissioner's version of the facts and subsequent dismissal of your appeal." N.D.N.Y. General Order 18.

II.   MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Pursuant to Fed. R. Civ. P. 41(b), this Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." Fed.

R. Civ. P. 41(b); *Storey v. O'Brien*, No. 10-3303, 2012 WL 1889408, at *1 (2d Cir. May 25, 2012). Furthermore, "a dismissal under this subdivision ... operates as an adjudication on the merits, which is the functional equivalent of an order of dismissal with prejudice." *Storey*, 2012 WL 1889408, at *1 [internal quotation marks and citation omitted].

Generally, when deciding whether to dismiss an action for failure to prosecute, courts within the Second Circuit consider the following: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008).

Having carefully considered these five factors, the Court concludes that they weigh decidedly in favor of the dismissal of this action under the circumstances. More specifically, the Court finds as follows.

First, the duration of Plaintiff's failure is more than two years, having begun on February 19, 2010 when her brief was due. Generally, durations of much less time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) (indicating that a delay of four months is sufficient to weigh in favor of dismissal), *accord, Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996).

Second, Plaintiff received adequate notice that her failure would result in dismissal. The day after Plaintiff filed her complaint, she received a copy of General Order 18, which sets forth

the time schedule for the filing of the Answer, Administrative Record and briefs.  (Dkt. No. 3.)  Moreover, on March 5, 2010, this Court reminded Plaintiff of that her brief was past due, provided her an additional two week extension of time to file her brief, and warned Plaintiff that failure to file her brief may result in the dismissal of this case.  (Text Order filed Mar. 5, 2010.)

Third, Defendant is not likely to be significantly prejudiced by a further delay.  To be sure, where the delay is, as here, unreasonable, prejudice may be presumed as a matter of law.  *See Gonzalez v. Comm'r of Soc. Sec.*, 09-CV-10179, 2011 WL 2207574, at *2 (S.D.N.Y. June 2, 2011).  However, that is because an unreasonable delay "increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."  *Gonzalez*, 2011 WL 2207574, at *2 (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 [2d Cir.1999]).  Here, there is no issue of lost evidence because this is a Social Security appeal to be decided based on the administrative record, which has already been compiled.

Fourth, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.  The Court notes that it is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases.  The Court notes also that a review of Defendant's brief reveals that Plaintiff's case lacks merit.

Fifth, and finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given (1) the inordinate length of time that has passed without any contact from Plaintiff, and (2) the identity of Plaintiff's counsel.  The Court notes that at least one other action in this District commenced by Plaintiff's counsel, George P. Ferro, has been dismissed for failure to prosecute.  *See Michaels v. Comm'r of Soc.*

*Sec.*, 10-CV-0323, Dismissal (N.D.N.Y. filed Oct. 25, 2010) (Suddaby, J.).  Indeed, Mr. Ferro has been sanctioned $2500 after failing to respond to several attempts by the Court to obtain status of his client's brief on a Social Security appeal, failing to appear at a scheduled telephone conference, and failing to respond to an Order to Show Cause why he should not be sanctioned. *See Avery v. Comm'r of Soc. Sec.*, 10-CV-0264, Order (N.D.N.Y. filed Feb. 17, 2011) (Lowe, M.J.).  A party is "bound by the derelictions of his attorney."  *See Momchilov v. Chaduhry*, 04-CV-3159, 2006 WL 2443669, at *2-3 (E.D.N.Y. Aug. 22, 2006) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 [1962]).  For all of these reasons, the Court finds that this factor weighs in favor of dismissal.  Moreover, <u>Plaintiff's counsel is warned that, if he continues to disregard scheduling orders going forward in this Court, he will risk being monetarily sanctioned by the undersigned</u>.

    **ACCORDINGLY**, it is

    **ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute (Dkt. No. 9) is **GRANTED**, and the Complaint is **DISMISSED** in its entirety *with prejudice*; and it is further

    **ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

Dated: June 15, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge